UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAMIEN RIVERO,            )
                          )
      Petitioner,       )          3:09-cv-0284-LRH-VPC
                          )
vs.                       )          **ORDER**
                          )
E.K. McDANIEL, *et al.,*  )
                          )
      Respondents.      )
_____)

This is an action on a petition for writ of habeas corpus brought by Damien Rivero, a Nevada prisoner. Before the court is respondents' answer.

**I.     Procedural History**

Petitioner was charged with battery by a prisoner in lawful custody on February 2, 2004. He was bound over on the charge and on March 4, 2005, he entered a plea of guilty, having entered into a written plea agreement with the State indicating an agreement that the State would recommend a minimum sentence of 12-30 months in prison. Despite this recommendation, the court sentenced petitioner to a sentence of 24 to 60 months. Petitioner appealed and raised a single claim that the sentence imposed violated the constitutional proscription against cruel and unusual punishment. The sentence was affirmed by the Nevada Supreme Court on October 20, 2005.

In post conviction proceedings, petitioner raised four claims of ineffective assistance of trial counsel. The petitioner was denied by the state district court and the Nevada Supreme Court affirmed the decision of the district court.

On June 8, 2009, petitioner filed his federal petition raising three claims of ineffective

assistance of counsel.  Respondents have filed their answer (docket #10) and petitioner has not filed a reply.

**II.    Discussion**

     A.    <u>Federal Habeas Standard</u>

     28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the standards of review  that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

    A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

    A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174 (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. 1495).  The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court established the standards by which claims of ineffective counsel are to be measured. In *Strickland*, the Court propounded a two-prong test; a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.    Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. More specifically, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

Ground One

In his first claim for relief, petitioner argues his trial counsel was ineffective at sentencing when he make a false and incriminating statement that because the officer failed to follow the proper procedure, petitioner was frightened and had "taken action."  Petitioner contends this incriminating statement resulted in the court's refusal to follow the negotiated sentence recommendation.

Ground Two

In his second ground for relief, petitioner claims counsel was ineffective for failing to investigate and present to the sentencing court facts that petitioner had to hit the officer because the officer deliberately chose not to follow the procedures and provoked the altercation.  Plaintiff contends this failure resulted in the court not following the plea negotiations in imposing sentence.

Ground Three

Here petitioner claims counsel was ineffective by failing to mitigate the sentence through his failure to present at sentencing facts that petitioner also suffered injury on his face resulting from the

3

officer kicking and punching petitioner, which resulted in the harsher sentence.

On the appeal from denial of post-conviction relief, the Nevada Supreme Court addressed petitioner's claims as one, applying the proper standard of review, finding that petitioner has failed to demonstrate prejudice. The court stated:

> Appellant failed to demonstrate that he was prejudiced. The district court stated at sentencing that it was imposing the sentence as pronounced because the instant case and the companion case that was part of the pled negotiations represented appellant's second and third felony offenses for battery by a prisoner. The district court emphasized that the violent activities appellant continued to engage in were prolonging his incarceration. Appellant failed to demonstrate there was a reasonable probability of a different outcome at sentencing had trial counsel provided different arguments at sentencing. Therefore, we conclude that the district court did not err in denying this claim.

Exhibit 40.[1]

The Nevada Supreme Court's decision as to all of petitioner's claims is a reasonable application of the *Strickland* standard and its findings of fact are supported by the record. *See* Exhibit 15. Petitioner appeared for sentencing in two separate criminal cases where he was charged and pled guilty, in both cases, to a category B felony of battery by a prisoner in lawful custody, a violation of NRS 200.481(2)(f). He was represented by different counsel on each of the charges and each counsel offered argument in mitigation. The court's decision in sentencing was clearly not related to counsel's presentation or his purportedly incriminating statements. The sentence was based upon petitioner's own violent propensity and his criminal activity. This court agrees that petitioner has failed to show any prejudice from counsel's performance as alleged in these three claims. No relief is warranted on petitioner's claims.

**III.    Certificate of Appealability**

In order to proceed with an appeal of this decision, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435

---

[1] The exhibits referenced in this order were provided by respondents in support of the answer and are found in the court's docket at number #10.

4

1  F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IV.   Conclusion**

Petitioner has not met his burden to show that the Nevada Supreme Court's decisions on his claims were contrary to or involved an unreasonable application of clearly established federal law or that its factual findings were unreasonable in light of the evidence it was presented.  Petitioner is not entitled to relief on any of his claims from this court and the petition shall be denied.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (docket #4) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.  The Clerk shall enter judgment accordingly.

DATED this 21st day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE